## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BETTY BOOTH,**
**Claimant Below, Petitioner**

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 17-1140** (BOR Appeal No. 2052121)
(Claim No. 2009061183)

**WEST VIRGINIA UNITED HEALTH SYSTEMS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Betty Booth, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia United Health Systems, by Steven K. Wellman, its attorney, filed a timely response.

The issue on appeal is whether Ms. Booth is entitled a reopening of her case for additional permanent partial disability consideration. The claims administrator denied a reopening on March 10, 2017. The Office of Judges reversed the decision in its July 27, 2017, Order and reopened the claim. The Order was reversed by the Board of Review on December 1, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Booth, a registered nurse, was injured in the course of her employment on September 4, 2008, when she bent over to start an intravenous line and felt pain in her lower back. Lumbar x-rays taken on September 9, 2008, showed mild endplate degenerative osteophytes from L3 to L5. There were no fractures noted and facet joints and disc space heights were normal. In a treatment note that day, Dr. Bowers stated that Ms. Booth presented with lower back pain that went down the left leg. He assessed lumbar sprain. An MRI taken on September 21, 2008, showed a moderate sized L2-3 herniated disc impinging on the L2 nerve

1

root. The claim was held compensable for displacement of thoracic or lumbar intervertebral disc without myelopathy on October 5, 2008.

In a treatment note dated January 7, 2010, Vincent Miele, M.D., stated that Ms. Booth's repeat MRI showed excellent improvement in the L2-3 disc herniation. A lumbar MRI taken on September 30, 2011, revealed facet arthropathy at multiple levels with disc bulging and osteophyte formation. There was no evidence of focal disc herniation but there was bilateral foraminal stenosis at L2-4 and a mild disc bulge at L5-S1.

ChuanFang Jin, M.D., performed an independent medical evaluation of Ms. Booth on October 20, 2011. Dr. Jin diagnosed history of lumbar sprain/strain, degenerative lumbar disc disease as evidenced on MRI, and probable left lower extremity radiculopathy. Dr. Jin noted that there had been no trauma to the spine, as Ms. Booth was injured by merely leaning over. She opined that the degenerative disc disease was not caused by the compensable injury but was likely a preexisting condition. Degeneration is slow and can take years to show on x-rays or MRIs. Dr. Jin opined that a regular motion, such as leaning over, will not cause or accelerate degeneration, and the MRI findings are consistent with degenerative changes rather than trauma. Dr. Jin noted that Ms. Booth had a disc herniation at L2-3 which had healed, as seen on subsequent MRIs. She further noted that Ms. Booth's symptoms did not improve after the L2-3 disc healed, indicating her symptoms are the result of a different condition. Dr. Jin found that there should be no further treatment for the lumbar sprain/strain. Ms. Booth had reached maximum medical improvement and Dr. Jin assessed 11% impairment but apportioned 6% to preexisting conditions and only 5% to the compensable injury. Ms. Booth was granted a 5% permanent partial disability award on December 5, 2011.

In a June 26, 2013, record review, Dr. Jin opined that the degenerative changes seen at L5-S1 are not the result of the compensable injury. There was no evidence of trauma to the spine. She noted that Dr. Bowers testified in a deposition that the preexisting degenerative changes seen on the first MRI were preexisting changes and it was impossible to conclude that the compensable injury could have caused degeneration.[1] Dr. Jin concluded that it is impossible to conclude that the injury aggravated the underlying degenerative disease given than there was no mechanical injury.

On October 13, 2016, Karl Boone, D.C., performed an independent medical evaluation in which he noted a diagnosis of displacement of lumbar disc without myelopathy. He opined that Ms. Booth had 8% impairment under Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), 7% for range of motion loss, and 2% for sensory deficits. The combined total of 16% was reduced per West Virginia Code of State Rules § 85-20-C (2006). On October 24, 2016, Ms. Booth requested that her claim be reopened and submitted Dr. Boone's report in support.

Dr. Jin performed an independent medical evaluation on February 20, 2017, in which she found that Ms. Booth's chronic lower back pain is the result of degenerative discs. There was

---

[1] Dr. Bower's deposition transcript was not submitted.

insufficient evidence to support an injury to the spine. Dr. Jin concluded that Ms. Booth's symptoms are due to the natural progression of her preexisting disease. Ms. Booth had reached maximum medical improvement for her lumbar sprain. Dr. Jin assessed 20% impairment and found that 5% was due to the compensable injury.

The claims administrator denied a reopening of the claim for permanent partial disability consideration on March 10, 2017. The Office of Judges reversed the decision in its July 27, 2017, Order. It found that the threshold for reopening is low. A claimant merely needs to show that evidence that would tend to justify, but not compel, the inference that the injury has progressed or suffered an aggravation. The Office of Judges concluded that Ms. Booth met this burden with the report of Dr. Boone who found 13% impairment. The Board of Review reversed the Office of Judges' Order on December 1, 2017. It found that Ms. Booth requested that disc herniation and nerve impingement be added to the claim and the claims administrator denied the request. That decision was affirmed by the Office of Judges, Board of Review, and this Court. The Board of Review found in this case that the evidence of record, including Ms. Booth's testimony, does not disclose facts that tend to show that a progression or aggravation of the compensable injury has occurred. Dr. Boone's impairment rating was found to include a non-compensable condition, and he failed to apportion between the compensable and noncompensable conditions.

After review, we agree with the reasoning and conclusions of the Board of Review. Ms. Booth suffered a lumbar sprain/strain and a lumbar disc herniation as a result of her compensable injury. The disc herniation healed, as seen on subsequent MRIs. Dr. Jin took this into consideration when she performed her two independent medical evaluations. Dr. Boone's evaluation showed no evidence that the compensable injury had progressed or suffered an aggravation. He also failed to distinguish his findings between compensable and noncompensable conditions. Ms. Booth therefore failed to meet her burden of proof to show a progression or aggravation of her compensable injury that would justify reopening her claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Justice Elizabeth D. Walker, disqualified